UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AURELIO RUBEN-BULGIN,<br><br>    Defendant. | No.  2:13-CR-00204-MCE<br><br>**ORDER** |

Defendant Aurelio Ruben-Bulgin ("Defendant") pled guilty to Conspiracy to Distribute and to Possess With Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  On October 8, 2015, Defendant was sentenced to 60 months of imprisonment.  Presently before the Court is Defendant's Motion to Reduce Sentence.  ECF No. 159.  This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motion.  ECF No. 161.  The Government opposes Defendant's request. ECF No. 168.  For the reasons that follow, that Motion is DENIED.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782.  Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although Amendment 782 became effective November 1, 2014, it applies retroactively.  See

U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[1] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction in his sentence because Amendment 782 "[did] not have the effect of lowering [his] applicable guideline range." Id. Defendant's original base offense level was 32 since he was accountable for ten pounds of methamphetamine. The Court then subtracted two levels because Defendant was safety-valve eligible and three levels for Defendant's acceptance of responsibility to reach a total offense level of 27. With a Criminal History Category I, the guideline range was thus 70-87 months, and the Court varied downward to impose a 60-month sentence. Under the amended guidelines, however, the base offense level

---

[1] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

corresponding to ten pounds of meth remains the same.  The remaining calculations are also unchanged such that Defendant's guideline range is still 70-87 months.  Accordingly, because the amendment did not lower Defendant's sentencing range, his Motion (ECF No. 159) is DENIED.  See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

IT IS SO ORDERED.

Dated:  May 25, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE